UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TRACY RANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-CV-105-SNLJ |
| ) | |
| SECURITAS SECURITY SERVICES ) | |
| USA INC. and TIMOTHY COLEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Because this action has been removed from state court to this Court, defendant is seeking to invoke diversity jurisdiction; thus, the defendant has the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

The Notice of Removal (#1) asserts that the Court has jurisdiction over the action under 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the matter in controversy exceeds $75,000. The Notice alleges "[a]t all times relevant to this complaint, Plaintiff was a resident of Scott County, Missouri." (#1 at 2, ¶ 5.) Later, the

1

Notice alleges "Plaintiff is a resident of Missouri." (#1 at 4.) But this Court cannot determine plaintiff's citizenship based on his residency because "one may be a resident of multiple states in addition to the state of citizenship." *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 778 (8th Cir. 2014). Defendant may satisfy its burden by alleging plaintiff (1) is a citizen of Missouri, *id.* at 777–78, (2) is domiciled in Missouri, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), or (3) resides is Missouri, *Reece*, 760 F.3d at or 778 n.6. But it is insufficient to allege that plaintiff is "a resident" of Missouri.

Because it is the defendant's burden in this case to establish subject matter jurisdiction, *In re Business Men's Assur. Co. of America*, 992 F.2d at 183, the Court will grant defendant twenty-one days to file an amended notice of removal that alleges facts showing the required diversity of citizenship. If defendant fails to timely and fully comply with this Order, the Court will remand the case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by June 14, 2018, defendant shall file an amended notice of removal that shall allege facts establishing the citizenship of the plaintiff.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

So ordered this   24th   day of May 2018.

 

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE